IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Randy Fink, | ) |
|     Plaintiff, | ) No. 8:12-cv-02221-RMG |
| v. | ) **ORDER** |
| Warden FCI Williamsburg, Chief Executive Officer, CEO, Federal Correctional Institute, Williamsburg, SC, | ) |
|     Defendant. | ) |

This matter comes before the Court with several issues pending: Defendant's motion for dismissal or, in the alternative, for summary judgment, (Dkt. No. 26), as well as five motions by Plaintiff, (Dkt. Nos. 30, 43, 57, 58, and 66). For the reasons set forth below, the Court DISMISSES this action because Plaintiff's requests for injunctive and declaratory relief have been rendered moot by events occurring since his initial filing.

**Background**

Plaintiff Randy Fink alleges several violations of his constitutional rights and asserts that he is entitled to relief pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Dkt. No. 1). Plaintiff is a prisoner in the custody of the Federal Correctional Institute, ("FCI"), in Tallahassee, Florida, and proceeds *pro se*. (Dkt. Nos. 1, 73). He alleges that he has been prescribed a single-cell placement due to his paruresis, a medical condition colloquially called "shy-bladder syndrome." (Dkt. No. 1 at 3). Plaintiff further alleges that he suffers from mental illness and was under a court-ordered commitment pursuant to 18 U.S.C. § 4245. (*Id.* at 4).

1

The events underlying Plaintiff's *Bivens* claim began when Plaintiff was transferred to a medium-security institution, FCI Williamsburg, on June 29, 2012. (*Id.* at 9–10). Plaintiff claims that he advised officials there of his prescription to be housed in a single cell, but FCI Williamsburg officials nonetheless placed him in a shared cell with another inmate. (*Id.* at 10). Plaintiff alleges he received a series of "unjust" incident reports at his previous incarceration facility as well as at FCI Williamsburg due to his inability to share a cell with another inmate. (*Id.* at 9, 12). Plaintiff alleges that, as a result of these incident reports, he was wrongly placed in a segregation cell. (*Id.* at 12).

Plaintiff now seeks declaratory judgment and injunctive relief. (Dkt. Nos. 1 at 2, 11). Specifically, he seeks six declarations relating to his medical needs and psychiatric commitment. (Dkt. No. 11). Plaintiff also seeks injunctive relief compelling FCI Williamsburg to comply with his single-cell prescription, or to comply with his section 4245 psychiatric commitment order. (*Id.*). Further, Plaintiff seeks injunctive relief requiring FCI Williamsburg to allow him to respond to the allegedly wrongful incident reports, as well as an order preventing FCI Williamsburg from transferring him to another general population prison. (*Id.*).

Since the commencement of this action on August 8, 2012, Plaintiff has been transferred twice more. He was initially returned to his previous place of confinement, Coleman Correctional Complex-Low, in March 2013. (Dkt. No. 52). At some point prior to June 24, 2013, Plaintiff was transferred again. (Dkt. No. 73). He remains at this latest location, FCI Tallahassee, an administrative security level prison. (*Id.*).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) DSC, this matter was referred to a United States Magistrate Judge for all pretrial proceedings. On August 8, 2012, Plaintiff filed a complaint against the Chief Executive Officer, CEO, of FCI Williamsburg. (Dkt.

2

No. 1). Defendant filed a motion to dismiss or, in the alternative, for summary judgment, on December 18, 2012. (Dkt. No. 26). Plaintiff then filed several motions: a motion for "exigent ruling on declaratory judgments one and two," on January 1, 2013, (Dkt. No. 30); a motion for a preliminary injunction and summary judgment, on February 21, 2013, (Dkt. No. 43); a motion to "expedite ruling on motion for summary judgment on injunctive relief five" or, in the alternative, a motion "to supplement emergency motion for preliminary injunction" on April 15, 2013, (Dkt. No. 57); a motion for "authenticity validation check," on April 15, 2013, (Dkt. No. 58); and a motion to supplement the motion for preliminary injunction, on May 23, 2013, (Dkt. No. 66). The Magistrate Judge issued a Report and Recommendation, ("R&R,"), on June 19, 2013. (Dkt. No. 70).[1] Plaintiff failed to file any objections to the Magistrate Judge's R&R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. This recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Federal jurisdictional depends on the existence of a case or controversy. *See* U.S. Const. art. III; *see also Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). An actual controversy must exist at all stages of review. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997). Where events subsequent to the filing of a case resolve the dispute, the

---

[1] The Magistrate Judge's R&R recommended that this Court grant Defendant's motion for summary judgment due to Plaintiff's failure to exhaust his available administrative remedies. Though this Court reaches the same result as that recommended in the R&R, this Court does not reach the merits of the parties' motions, and instead dismisses Plaintiff's claims for injunctive and declaratory relief on the basis of mootness.

3

doctrine of mootness calls for dismissing an action. "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir.2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

### Discussion

The Fourth Circuit has long held that a prisoner transfer moots requests for declaratory and injunctive relief. *See, e.g., Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). When Plaintiff was transferred from FCI Williamsburg to Coleman Correctional Complex-Low and subsequently to FCI Tallahassee, his claims for injunctive and declaratory relief against this Defendant were rendered moot. Accordingly, this Court lacks jurisdiction to address the merits of the motions filed by the parties and dismissal is necessary.

### Conclusion

For the reasons set forth above, the Court **DISMISSES** this action.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

July 24, 2013
Charleston, South Carolina